UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
RENATO R. SANTANA, LUIS ANTONIO MISZQUIRI,
And JOSE CONTRERAS, on Behalf of Themselves and
All Others Similarly Situated,

                        Plaintiffs,

        -vs.-

SEOUL SHOPPING, INC., HANSFOOD I CORP d/b/a
H & Y MARKETPLACE, and TAEK SUN HAN,

                         Defendants.
-----------------------------------------------------------------------X

**COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND**

Plaintiff, RENATO R. SANTANA ("Santana"), LUIS ANTONIO MISZQUIRI ("Miszquiri"), and JOSE CONTRERAS ("Contreras") (all together as "Plaintiffs"), on behalf of themselves and all others similarly situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through his attorneys, THE LAW OFFICES OF WILLIAM CAFARO, as and for his Complaint against SEOUL SHOPPING ,INC. ("Seoul Shopping"), HANSFOOD I CORP d/b/a H & Y MARKETPLACE ("Hansfood"), and an individual, TAEK SUN HAN ("Han") (all together as Defendants"), allege upon knowledge as to themselves and their own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon Defendants' flagrant and willful violations of Plaintiffs' rights guaranteed to him by: (i) the minimum wage provisions of the Fair Labor Standards Act ("FLSA), 29 U.S.C. §§ 201 *et seq.*; (ii) the minimum wage provisions of the New York Labor Law ("NYLL"), Article 19, §§ 650 *et seq.*; (iii) the overtime provisions of the FLSA, 29 U.S.C. § 207(a); (iv) the overtime provisions of NYLL § 160

1

and the corresponding N.Y. Comp. Codes R. & Regs ("NYCCRR"); (iv) the frequency of payment for manual workers provisions of NYLL § 190, *et seq.*; (v) NYLL's requirement that employers provide on each payday proper wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); (vi) the requirement that employers furnish employees with wage statements on each payday containing specific categories of information under the NYLL § 195(3); (vii) the requirement that employers furnish employees with a wage notice at the time of hiring containing specific categories of accurate information, NYLL § 195(1); and (viii) any other claim(s) that can be inferred from the facts set forth herein.

2.  Plaintiffs worked for Defendants - - grocery stores and their owner - - Plaintiff worked for Defendants. Throughout their employment, and as relevant to this Complaint, for the six-year period pre-dating the commencement of this action, Defendants required Plaintiffs to work, and Plaintiffs did work, more than 40 hours per week. However, Defendants failed to pay Plaintiffs at the overtime rate of pay of one and one-half times their regular rate of pay for each hour that Plaintiffs worked per week in excess of forty, as the FLSA and the NYLL require. Furthermore, Defendants failed to timely pay Plaintiffs for all hours worked, and actually failed to pay Plaintiffs for all hours they worked. Lastly, Defendants failed to furnish Plaintiff with accurate and/or complete wage statements on each payday as the NYLL requires or provide Plaintiffs with a wage notice containing the criteria enumerated under the NYLL.

3.  Defendants paid and treated of all their non-managerial employees who worked for them in the same manner.

4.  Plaintiffs bring this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves, individually, and on behalf

of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA.

5. Plaintiffs also bring this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves, individually, and on behalf of all other persons similarly situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

5. Plaintiffs invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction on this Court for claims arising under New York law.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

## PARTIES

7. At all relevant times, Plaintiffs were residents of the State of New York, reside in Queens County, and were each an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

8. At all relevant times herein, Defendant Seoul Shopping was/is a domestic business corporation with its principal place of business located at 150-51 Northern Boulevard, Flushing, New York 11354.

9. At all relevant times herein, Hansfood was/is a domestic business corporation with its principal place of business located at 478 Plainview Road, Hicksville, NY 11801.

10. At all relevant times herein, Defendant Han was/is the president, owner, and day-to-day overseer of Seoul Shopping and Hansfood.

11. At all relevant times herein, Defendants were "employers" within the meaning of the FLSA, NYLL, and the NYCCRR. Additionally, Defendants' qualifying annual business exceeded $500,000, and Defendants were engaged in interstate commerce within the meaning of the FLSA as they used supplies in the course of business, such as food supplies, cooking and food preparation utensils, and other kitchen and grocery supplies, much of which originated in states other than New York, the combination of which subjects each Defendant to the FLSA's minimum wage and overtime requirements as an enterprise. Furthermore, all of Defendants' employees, including Plaintiffs, the FLSA Plaintiffs, and the Rule 23 Plaintiffs, were individually engaged in interstate commerce as they frequently used goods that have been, and continue to be, moved in interstate commerce. This independently subjects Defendants to the overtime wage requirements of the FLSA with respect to Plaintiffs and the FLSA Plaintiffs.

## **COLLECTIVE ACTION ALLEGATIONS**

12. Plaintiffs seek to bring this suit to recover from Defendants their full payment of all unpaid minimum wage and overtime compensation and liquidated damages under the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on their own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed any work for Defendants as non-exempt employees who give consent to file a claim to recover damages for minimum wage compensation that is legally due to them and/or overtime compensation that is

legally due to them for time worked in excess of forty hours per week ("FLSA Plaintiffs").

13. Defendants treated Plaintiffs and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours each workweek; (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a workweek; and (6) were not paid the minimum wage compensation for all hours worked.

14. At all relevant times, Defendants were aware of the requirement to pay Plaintiffs and all FLSA Plaintiffs minimum wage as well as at an amount equal to one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet Defendants purposefully chose not to do so. Thus, Plaintiffs and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

15. In addition, Plaintiffs seek to maintain this action as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23(b)(3), on their own behalf, individually, as well on behalf of those who are similarly-situated who the Defendant subjected to violations of the NYLL and the NYCCRR during the applicable statutory period.

16. Under FRCP 23(b)(3), a plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that

  predominate over any individual questions of law or fact;

  c. Claims or defenses of the representative are typical of the class;

  d. The representative will fairly and adequately protect the class; and,

  e. A class action is superior to other methods of adjudication.

17. The Rule 23 Class that Plaintiffs seek to define includes:

Current and former employees of Defendant who, during the applicable NYLL limitations period, performed any work for Defendants as non-exempt employees who: (1) were not paid at the minimum wage; and/or (2) worked in excess of forty hours per week without receiving overtime compensation; and/or (3) were not timely paid their wages as required by NYLL § 191; and/or (4) were not paid their wages and/or otherwise had their wages deducted in violation of NYLL §§ 190, 191, 198 and 663(1); and/or (5) were not issued accurate or any pay stubs/wage statements on each payday containing the information that N.Y. Lab. Law § 195(3) requires; and/or (6) were not issued wage notice at the time of their hire, or at any time thereafter as required by N.Y. Lab. Law § 195(1) ("Rule 23 Plaintiffs").

## Numerosity

18. During the previous six years, Defendants have employed, in total, at least forty employees that are putative members of this class.

## Common Questions of Law and/or Fact

19. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff, including but not limited to the following: the duties that the Defendants required and require each Rule 23 Plaintiff to perform; whether the Defendants required and requires each Rule 23 Plaintiff to work in excess of forty hours per week; whether the Defendants

6

compensated and compensated the Rule 23 Plaintiffs at the minimum wage rate; whether the Defendants compensated and compensates the Rule 23 Plaintiffs at the legally-mandated rate of one and one half times their respective straight-time rates of pay for all hours worked per week over forty; whether the Defendants timely compensated each Rule 23 Plaintiff for any wages due and owing; whether the Defendants timely compensated each Rule 23 Plaintiff for any wages due and owing; whether the Defendants furnished and furnish the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); whether the Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; whether the Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether the Defendant's actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; if so, whether the Defendants' violations were in willful violation of the NYLL and supporting regulations; and if so, what constitutes the proper measure of damages

### **Typicality of Claims and/or Defenses**

20. As described in the background facts section below, Defendants, despite the title that it assigned to Plaintiffs, employed Plaintiff as a non-managerial, non-exempt employee. Plaintiffs' claims are typical of the claims of the Rule 23 Plaintiffs whom the seek to represent, as the Rule 23 Plaintiffs work, and/or have worked for Defendants in excess of forty hours per week, as non-managerial employees, to whom the Defendant paid an hourly rate. Plaintiffs and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid at the statutory minimum wage rate, at a rate of one and one-half times their straight time rates for all hours worked per week in excess of forty, to be timely paid, to be paid for all wages due and owing, and to be furnished

7

with accurate wage statements and wage notices. Plaintiffs and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and supporting regulations. Plaintiffs and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiffs' claims and/ or the Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendant's defenses to those claims.

## Adequacy

21. Plaintiffs, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. The Defendants did not pay Plaintiffs minimum wage, overtime pay for their hours worked over forty each week, or all hours worked, nor did Defendants timely pay Plaintiffs, all of which is substantially-similar to how the Defendants paid the Rule 23 Plaintiffs. Plaintiffs are no longer employed with the Defendants, and thus has no fear of retribution for his testimony. Plaintiffs fully anticipate testifying under oath as to all of the matters raised in this Complaint and that will be raised in the Defendants' Answer. Thus, Plaintiffs would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

## Superiority

22. Plaintiffs have no, or few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

23. Any lawsuit brought by an employee of the Defendants for the same violations alleged herein would be identical to a suit brought by any other employee for the same violations. Thus, separate litigation would risk inconsistent results.

24. Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this matter is properly maintainable as a Class Action under FRCP 23(b)(3).

25. Additionally, Plaintiffs' counsel has substantial experience in this field of law.

## BACKGROUND FACTS

*Seoul Shopping and Hansfood Are Joint Employers*

26. Defendants Seoul Shopping and Hansfood jointly are grocery stores.

27. Upon information and belief, Defendant Hans considers and resolves payroll, scheduling, and human resource issues for all of the corporate Defendants. This includes, but is not limited to, assigning employees shifts, mode and methods of payment, and employment locations.

28. Upon information and belief, funds taken in by each of the Entity Defendants are and were transferred amongst the other corporate Defendant as necessary according to availability, cash flow needs, for minimization tax liability, and for various other management and accounting purposes.

29. Upon information and belief, income received from each of the corporate Defendants was used to pay various expenses which should, according to generally accepted accounting principles, have been properly allocated to other corporate Defendants, including, but not limited to employee payroll.

30. Upon information and belief, each of the corporate Defendants share and interchange employees insofar as employees who are employed by one of the corporate Defendants are sent to work for the other when the need arises. In fact, Plaintiffs were interchanged in this manner.

*Defendant Han*

31. At all relevant times, Han has had power over personnel decisions at Seoul Shopping and Hansfood, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

32. At all relevant times, Han has had power over payroll decisions at Seoul Shopping and Hansfood, including the power to retain time and/or wage records.

33. At all relevant times, Han has been actively involved in managing the day to day operations of Seoul Shopping and Hansfood

34. At all relevant times, Han has had the power to transfer the assets and/or liabilities of Seoul Shopping and Hansfood

35. At all relevant times, Han has had the power to transfer the assets and/or liabilities of Seoul Shopping and Hansfood

36. At all relevant times, Han has had the power to enter into contracts on behalf of Seoul Shopping and Hansfood

37. At all relevant times, Han has had the power to close, shut down, and/or sell Seoul Shopping and Hansfood

***Defendants' Failure to Properly Pay the Plaintiffs***

38. As relevant to this action, from in or about 2016 to on or about March 10, 2023. Plaintiff Santana worked for Defendants as a fisher cleaner and cutter. Throughout his employment, his job consisted of cleaning, scraping, trimming, filleting, and/or portioning fish for future processing.

39. As relevant to this action from in or about 2016 to on or about March 8, 2023. Plaintiff Miszquiri worked for Defendants doing grocery stocking, including loading, and storing produce.

40. As relevant to this action from in or about 2016 to on or about March 8, 2023. Plaintiff Contreras worked for Defendants doing grocery stocking, including loading, and storing produce.

41. Throughout the relevant times of their employment, Defendants required Plaintiffs to work – and they did in fact work – at least 50 to 55 hours per week.

42. As is relevant to this action, throughout his entire employment, Defendants paid Plaintiff the applicable statutory minimum wage rate for their first forty hours of work.

43. As for hours worked by Plaintiffs over forty - to the extent Defendants actually paid Plaintiffs for any of these hours - Defendants would pay the same applicable statutory minimum wage rate, but would fail to pay Plaintiffs at least ten hours of overtime. For example, if Plaintiffs worked 55 hours in a given workweek, Defendants might pay them the applicable statutory minimum wage rate for up to 45 hours of work (without paying 1 1/2 times Plaintiff's normal hourly rate for the 5 hours over 40) and pay absolutely nothing for the remaining 10 hours of overtime.

44. As is relevant to this action, Defendants failed to compensate Plaintiffs with the applicable minimum wage, as required under the NYLL.

45. Plaintiff worked more than forty hours in all workweeks in which Defendants employed him, but Defendants failed to them at least 1 ½ times their normal hourly rate for all hours over forty. In fact, aside from paying some hours of overtime pay at the regular hourly rate, as a practice, Defendants did not pay Plaintiffs anything for at least ten hours of overtime per week.

46. Throughout his employment, Defendants paid Plaintiff without providing them with any wage statements that reflected, among other things, the amount of hours that they actually

worked and their overtime rate of pay for each hour they worked in excess of forty hours in a given workweek.

47. Defendants did not provide Plaintiff with a wage notice at the time of their hire, or at any time thereafter, containing any of the following information: their rates of pay and basis thereof; whether Plaintiffs were paid by the hour, shift, day, week, salary, piece, commission, or other; whether any allowances were claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by Defendants; the name and physical addresses of Defendants; any "doing business as" names used by Defendants; and Defendants' mailing addresses and telephone numbers.

48. Defendants acted in the manner described herein so as to maximize his profits while minimizing his labor costs.

49. Every hour that Plaintiff worked was for Defendant's benefit.

50. Defendants treated all FLSA Plaintiffs and Rule 23 Plaintiffs in the manner described above.

### *FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS*
*Unpaid Minimum Wage under the FLSA*

51. Plaintiffs and the FLSA Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

52. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect the Plaintiffs and the FLSA Plaintiffs.

53. Defendants have failed to pay the proper statutory minimum wage to which Plaintiffs and the FLSA Plaintiffs have been entitled under the FLSA.

54. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiffs and the FLSA Plaintiffs

55. As Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

56. As a result of Defendants' violations of the FLSA, the Plaintiffs and the FLSA Plaintiffs has been deprived of the proper minimum wage compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### *SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS*
*Unpaid Minimum Wage under the NYLL*

57. The Plaintiffs and the Rule 23 Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

58. At all times herein pertinent, the Plaintiffs and the Rule 23 Plaintiffs were employees of Defendants within the meaning of the New York Labor Law.

59. Defendants are employers of the Plaintiffs and the Rule 23 Plaintiffs within the meaning of the New York Labor Law.

60. The minimum wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

61. Defendants have failed to pay the Plaintiff and the Rule 23 Plaintiffs the proper minimum wages to which they were entitled under the New York Labor Law.

62. By Defendants' failure to pay the Plaintiffs and the Rule 23 Plaintiffs proper minimum wages for hours worked up to the first 40 hours per week, they have willfully violated

the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

63. Due to Defendants' violations of the New York Labor Law, Plaintiff and the Rule 23 Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## **THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the FLSA*

64. Plaintiffs and the FLSA Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

65. Defendants were required to directly pay the Plaintiffs and the FLSA Plaintiffs an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

66. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiffs and the FLSA Plaintiffs are employees within the meaning of the FLSA.

67. As also described above, Plaintiffs and the FLSA Plaintiffs worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

68. The Defendants willfully violated the FLSA.

69. As such, Plaintiffs and the FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty (40) at the rate of one and one-half times their respective standard rate of pay.

70. Plaintiffs and the FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's overtime provisions.

71. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the NYLL*

72. Plaintiffs and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

73. Defendants were required to directly pay the Plaintiffs and Rule 23 Plaintiffs an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

74. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiffs and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

75. As also described above, Plaintiffs and Rule 23 Plaintiffs worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the NYLL's overtime provisions.

76. Due to Defendants' violations of the New York Labor Law, Plaintiffs and Rule 23 Plaintiffs are entitled to recover from Defendants her unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Timely Pay Wages*

77. Plaintiffs and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint as if fully set forth herein at length.

78. During the relevant time period, Plaintiffs and Rule 23 Plaintiffs were employed as a manual worker, as defined by the NYLL.

79. NYLL § 191 requires that employers pay wages to their employees on a weekly basis and "not later than seven calendar days after the end of the week in which the wages were earned."

80. During the relevant time period, Defendant failed to pay Plaintiff and Rule 23 Plaintiffs wages (as well as commissions and other benefits) earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, in violation NYLL § 191.

81. Defendant's violations of the NYLL were willful and intentional.

82. Due to Defendant's violations of the NYLL, Plaintiffs and Rule 23 Plaintiffs are entitled to statutory damages equal to the total amount of the delayed wages (as well as commissions and other benefits), prejudgment interest, attorneys' fees, costs, and other appropriate compensation.

### *SIXTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS*
*Unpaid Wages/ Deduction of Wages Under NYLL*

83. Plaintiffs and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint as if fully set forth herein at length.

84. NYLL §§ 190, 191, 198 and 663(1) require that employers pay wages to their employees in accordance with the agreed terms of employment.

85. Defendants are employers within the meaning of NYLL, while Plaintiffs and Rule 23 Plaintiffs were each an employee under NYLL.

86. As described above, despite regularly working at least 50-55 hours per week, Defendants deliberately did not pay Plaintiffs and Rule 23 Plaintiffs for at least ten hours - not at the minimum rate, overtime rate, or any other rate - in violation of NYLL.

87. Therefore, Plaintiffs and Rule 23 Plaintiffs are also entitled to any lost wages, liquidated damages, interest, and attorneys' fees and costs.

### SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Wage Statements in Violation of the NYLL*

88. Plaintiffs and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

89. NYLL § 195(3) requires employers to furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to employees.

90. As described above, the Defendants willfully failed to furnish Plaintiffs and Rule 23 Plaintiffs with accurate wage statements containing the criteria required under the NYLL.

91. Pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiffs and Rule 23 Plaintiffs in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

92. Plaintiffs and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

93. The NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

94. Each Defendant is an employer within the meaning of the NYLL and the NYCCRR, while Plaintiffs and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

95. Defendants willfully failed to provide Plaintiffs and Rule 23 Plaintiffs with a wage notice containing the criteria enumerated under the NYLL.

96. Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiffs and Rule 23 Plaintiffs in the amount of $50 for each workday after the violations initially occurred, up to a statutory cap of $5,000.

## **DEMAND FOR A JURY TRIAL**

97. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against the Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their agents, employees, representatives, and any and all persons acting in concert with him, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against any individual for participating in any form in this lawsuit;

d. Designation of this action as a FLSA collective action on behalf of Plaintiffs and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

f. All damages that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff would have received but for the Defendants' unlawful payment practices;

g. Liquidated damages, emotional damages, punitive damages, and any other statutory penalties as recoverable under the FLSA and NYLL;

h. Awarding Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred regarding this action, including reasonable attorneys' fees, expert witness fees, and other costs;

i. Designation of Plaintiffs and their counsel as collective/class action representatives under the FLSA and the FRCP;

j. Pre-judgment and post-judgment interest, as provided by law; and

k. Granting Plaintiff other and further relief as this Court finds necessary and proper.

Dated: New York, New York
March 12, 2024

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

_____
Louis M. Leon (LL 2057)
*Attorneys for Plaintiff*
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
LLeon@Cafaroesq.com